UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

COMM 2006-C8 COVESIDE LANE, LLC

    Plaintiff,

v.

EMPIRIAN CHESAPEAKE, LLC

and

EZRA BEYMAN,

    Defendants

Civil Action No.: 2:11cv120

## AMENDED COMPLAINT

COMES NOW your Plaintiff, Comm 2006-C8 Coveside Lane, LLC, by counsel, and for its Amended Complaint in this matter states as follows:

### Summary of Claims

This is an action by Plaintiff to recover its damages for breaches of a loan transaction evidenced by, among other things, a Promissory Note signed by Defendant Empirian Chesapeake LLC ("Empirian Chesapeake") and a Personal Guaranty signed by Defendant Ezra Beyman ("Beyman").

### The Parties

1. Plaintiff Comm 2006-C8 Coveside Lane, LLC is a limited liability company whose sole member is Wells Fargo Bank, National Association, as Trustee for the Registered Holders of COMM 2006-C8 Commercial Mortgage Pass-Through

Certificates. Plaintiff's sole member's main office is located in Sioux Falls, South Dakota, and Plaintiff is therefore a citizen of South Dakota.[1]

2. Defendant Empirian Chesapeake, LLC is a Delaware limited liability company, doing business in the Commonwealth of Virginia. Upon information and belief, its members are citizens of Virginia, New York, and Delaware.

3. Upon information and belief, none of Defendant Empirian Chesapeake, LLC's members is a citizen of South Dakota.

4. Defendant Ezra Beyman is citizen of the State of New York, residing at 16 Sylvan Road, Monsey, New York.

## Jurisdiction and Venue

5. Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the Plaintiff is a citizen of a state different from the defendants and because the value of the matter in controversy exceeds $75,000.00.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events on which the claim is based occurred in the Eastern District of Virginia.

## Background Facts

7. Plaintiff is the holder of a certain Promissory Note in the face amount of $63,000,000.00, made by defendant Empirian Chesapeake, LLC to the order of Arbor Commercial Mortgage, LLC, a New York limited liability company, and its successors

---

[1] Plaintiff is an LLC organized under the laws of the Commonwealth of Virginia whose principal place of business is in Virginia, but its sole member is a citizen of the State of South Dakota, and Plaintiff is therefore a citizen of the State of South Dakota, including for purposes of diversity of citizenship jurisdiction.

and assigns (the "Promissory Note").  A true and correct copy of the Promissory Note is attached hereto as <u>Exhibit A</u>.

8. The Promissory Note was endorsed by the original lender to the order of Deutsche Bank Mortgage Capital, LLC, by Deutsche Bank Mortgage Capital, LLC to the order of LaSalle Bank, N.A., as trustee for the registered holders of Comm 2006-C8 Commercial Mortgage Pass-Through Certificates and by LaSalle Bank, N.A. as Trustee, to the order of Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Comm 2006-C8 Commercial Mortgage Pass-Through Certificates, and by Wells Fargo Bank, N.A., as Trustee to the order of Comm 2006-C8 Coveside Lane, LLC, plaintiff in this action.

9. Empirian Chesapeake is in default on the principal as set forth in the Promissory Note.

10. The Promissory Note is the subject of a certain guaranty and indemnity made as of December 5, 2006, by Ezra Beyman (the "Personal Guaranty").  A true and correct copy of the Personal Guaranty is attached hereto as <u>Exhibit B</u>.

11. Pursuant to Recourse Provision, as defined by and contained in Section 1(g) of the Personal Guaranty, Beyman unconditionally and irrevocably guaranteed up to $13,500,000.00 of the principal balance of the loan in the event of a default under the Recourse Provision.

12. An event of default under the Recourse Provision of the Personal Guaranty has occurred, as set forth by the terms of the Promissory Note and the Personal Guaranty.

13.     By letter dated January 25, 2010 ("Default Notice"), Plaintiff notified Empirian Chesapeake that it was in default under the Promissory Note. A true and correct copy of the Default Notice is attached hereto as Exhibit C.  In the Default Notice, Plaintiff demanded payment, by February 4, 2010, of all sums due and owing under the Promissory Note, including the outstanding principal balance and pre and post-default interest.

14.     By letter dated January 21, 2011 ("Guarantor's Default Notice"), Plaintiff notified Beyman that a default under the Personal Guaranty had occurred, and demanded payment thereunder.  A true and correct copy of the Guarantor's Default Notice is attached hereto as Exhibit D.  In the Guarantor's Default Notice, Plaintiff demanded payment, by January 30, 2011, in the amount of $13,500,00.00.

15.     Despite demand having been made, Empirian Chesapeake and Beyman have failed and refused to make full and complete payment of all sums owed under the Promissory Note and Personal Guaranty.

Count I

(Default on Promissory Note – Empirian Chesapeake)

16.     The allegations of paragraph 1 through 14, inclusive, are incorporated by reference.

17.     Pursuant to the terms of the Promissory Note, Empirian Chesapeake is in default and liable to Plaintiff for (a) the principal balance of $63,000,000.00 (b) accrued interest under the Promissory Note on such sum until paid, and (c) its attorney's fees and costs.

18. Despite demand, Empirian Chesapeake has failed and refused to make payments pursuant to the Promissory Note.

## Count II

### (Breach of Personal Guaranty - Beyman)

19. The allegations of paragraph 1 through 17, inclusive, are incorporated by reference.

20. Pursuant to the terms of the Personal Guaranty, Beyman unconditionally guaranteed the payment of up to $13,500,000.00 in the event of default under the Recourse Provision of the Personal Guaranty.

21. A default under the Recourse Provision of the Personal Guaranty has occurred, triggering Beyman's obligations under the Personal Guaranty.

22. Despite demand, Beyman has failed and refused to make timely payment under the Personal Guaranty.

23. Beyman is liable to Plaintiff for (a) $13,500,000.00 of the principal balance (b) accrued interest under the Note on such sum until paid, and (c) its attorney's fees and costs.

WHEREFORE, your plaintiff, Comm 2006-C8 Coveside Lane, LLC, prays for judgment against Defendant Chesapeake Empirian, LLC in the amount of $63,000,000.00 plus all interest due thereon, and against Defendant Ezra Beyman in the amount of $13,500,000.00, attorneys fees and costs, and such other and further relief as the ends of justice may require.

Respectfully submitted,

COMM 2006-C8 COVESIDE LANE, LLC,

By Counsel

_____/s/_____
Robert L. Hodges (VSB No. 31396)
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 775-7513
Facsimile: (804) 698-2082
rhodges@mcguirewoods.com

Erin Q. Ashcroft (VSB No. 74639)
Robert W. McFarland (VSB No. 24021)
McGuireWoods LLP
9000 World Trade Center
Norfolk, VA 23510
Telephone: (757)640-3700
Facsimile: (757) 640-3966
eashcroft@mcguirewoods.com

*Counsel for Comm 2006-C8 Coveside Lane, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April 2011, a true copy of the foregoing Amended Complaint is being filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Richard H. Ottinger
Dustin Paul
Vandeventer Black LLP
500 World Trade Center
Norfolk, Virginia 23510
rottinger@vanblk.com

      /s/_____
Robert L. Hodges (VSB No. 31396)
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 775-7513
Facsimile: (804) 698-2082
rhodges@mcguirewoods.com

Erin Q. Ashcroft (VSB No. 74639)
Robert W. McFarland (VSB No. 24021)
McGuireWoods LLP
9000 World Trade Center
Norfolk, VA 23510
Telephone: (757)640-3700
Facsimile: (757) 640-3966
eashcroft@mcguirewoods.com

*Counsel for Comm 2006-C8 Coveside Lane, LLC*

\30767760.1

7