UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

COMM 2006-C8 COVESIDE LANE, LLC,

      Plaintiff,

v.                                              Civil Action No.:  2:11cv120

EMPIRIAN CHESAPEAKE, LLC, *et al*.,

      Defendants.

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

NOW COME Defendants, Empirian Chesapeake, LLC and Ezra Beyman (collectively "Defendants"), by counsel, and for their Answer and Affirmative Defenses to the Amended Complaint filed in this matter, states as follows:

### **Answer**

1. Defendants have insufficient information to admit or deny therefore they deny the allegations contained in Paragraph 1 of the Amended Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Amended Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Amended Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Amended Complaint.

5. Defendants have insufficient information to admit or deny therefore they deny the allegations contained in Paragraph 5 of the Amended Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Amended Complaint.

7. Defendants have insufficient information to admit or deny therefore they deny the allegations contained in Paragraph 7 of the Amended Complaint.

8. Defendants have insufficient information to admit or deny therefore they deny the allegations contained in Paragraph 8 of the Amended Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Amended Complaint.

11. Defendants state that the Personal Guarantee speaks for itself and any allegations contained in Paragraph 11 of the Amended Complaint inconstant therewith are denied.

12. Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint.

13. Defendants admit that the letter attached as Exhibit C speaks for itself and any allegations contained in Paragraph 13 of the Amended Complaint inconsistent therewith are denied.

14. Defendants admit that the letter attached as Exhibit D speaks for itself and any allegations contained in Paragraph 14 of the Amended Complaint inconsistent therewith are denied.

15. Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint.

16. Paragraph 16 of the Amended Complaint does not require a response; therefore none is given.

17. Defendants deny the allegations contained in Paragraph 17 of the Amended Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Amended Complaint.

19. Paragraph 19 of the Amended Complaint does not require a response; therefore none is given.

20. Defendants state that the Personal Guarantee speaks for itself and all allegations contained in Paragraph 20 of the Amended Complaint inconsistent therewith are denied.

21. Defendants deny the allegations contained in Paragraph 21 of the Amended Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Amended Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint.

**Affirmative Defenses**

1.  Plaintiff has failed to mitigate its damages, if any.

2. Plaintiff is barred from making its claims by the doctrines of equitable estoppel, quasi-estoppel and judicial estoppel.

3. Plaintiff's recovery is barred by Plaintiff's own breach of contract and/or breach of the duties of good faith and fair dealing that were reasonably owed to Defendants.

4. Plaintiff's recovery is barred by the fact that the amounts claimed have been discharged.

5. Plaintiff's claims are barred by the doctrines of waiver and/or release.

6. Plaintiff's claims are barred by a failure of a condition precedent to the allegedly breached contract, thereby releasing him from any obligation to fulfill any contractual duties prescribed therein.

7. Plaintiff fails to state a cause of action upon which relieve can be granted.

8. Defendants reserve the right to amend their Answer and Affirmative Defenses to add any additional affirmative defenses or other defenses as additional information becomes available.

WHEREFORE, Empirian Chesapeake, LLC and Ezra Beyman, by counsel, respectfully request the Court dismiss this case with prejudice, award them their attorneys' fees and costs incurred in defense of this matter, and for such other and further relief as justice may require.

A jury is hereby demanded.

>EMPIRIAN CHESAPEAKE, LLC
>EZRA BEYMAN
>By: /s/ Richard H. Ottinger
>        Of Counsel

Richard H. Ottinger
Virginia State Bar #38842
Counsel for Empirian Chesapeake, LLC and Ezra Beyman
VANDEVENTER BLACK LLP
500 World Trade Center
Norfolk, VA 23510

(757) 446-8600
Facsimile (757) 446-8670
rottinger@vanblk.com

**CERTIFICATE OF MAILING**

  I hereby certify that on 5/6/2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

Erin Q. Ashcroft
Robert W. McFarland
McGuireWoods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia  23510
eashchroft@mcguirewoods.com


Robert L. Hodges
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia  23219
rhodges@mcguirewoods.com


           /s/ Richard H. Ottinger
           Of Counsel


Richard H. Ottinger
Virginia State Bar #38842
Counsel for Empirian Chesapeake, LLC and Ezra Beyman
VANDEVENTER BLACK LLP
500 World Trade Center
Norfolk, VA 23510
(757) 446-8600
Facsimile (757) 446-8670
rottinger@vanblk.com

4816-9836-1865, v.  1