UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

COMM 2006-C8 COVESIDE LANE, LLC,

      Plaintiff,

v.                                              Civil Action No.:  2:11cv120

EMPIRIAN CHESAPEAKE, LLC, *et al.*,

      Defendants.

THE DEFENDANTS' PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW[1]

The Defendants, pursuant to Fed. R. Civ. P. 52(a), submit the following proposed findings of fact and conclusions of law:

A.   Proposed Findings of Fact

1. Defendants presented at least one viable and commercially reasonable offer to Plaintiff or its agent from a buyer interested in purchasing the Property.

2. Plaintiff did not adequately consider the offer.

3. Plaintiff did not accept any offer.

4. At least one of the offers for the Property included a buyer assuming the $63,000,000 debt and paying $1,000,000 above the mortgage.

5. Rather than accept the viable and commercially reasonable offer, Plaintiff pursued a foreclosure.

6. The Property was sold at a foreclosure sale for only $52,700,000.

---

[1] The Court currently has a motion pending to strike Defendants' Jury Demand. The Court has informed the parties that the motion will be granted, but has not yet entered such an Order. With that understanding, Defendants' submit this pleading in lieu of proposed jury instructions. Plaintiff submits this pleading without prejudice to its rights regarding the motion or its right to a jury.

7. Plaintiff's agent had entered into a written agreement requiring it to negotiate with Defendants in good faith.

8. In reliance upon that agreement, Defendants and associated corporate interests did not pursue certain legal remedies to which they had a legal right to pursue.

9. Plaintiff is not the holder in due course of the Note or Personal Guaranty.

10. Plaintiff is not the owner in due course of the Note or Personal Guaranty.

11. There is insufficient documentation to demonstrate each and every assignment of the Note and/or Personal Guaranty that occurred in the chain of title between the original owner and holder and Plaintiff.

B. <u>Proposed Conclusions of Law</u>

1. Plaintiff was obligated to negotiate with Defendants in good faith.  <u>See</u> <u>Bridgestone v. Prince William Square Assoc.</u>, 463 SE 2d 661, 664 (Va. 1995)(explaining "[w]hen contract terms are clear and unambiguous, a court must construe them according to their plain meaning").

2. Plaintiff's failure to evaluate and/or accept offers from potential buyers breached its agreement to negotiate in good faith.  <u>See</u> <u>Willard v. Moneta Bldg. Supply</u>, 515 SE 2d 277 (Va. 1999)(considering whether corporate directors considered all offers when determining whether they acted "in good faith").

3. Plaintiff's breach prevents recovery of any damages.  <u>See</u>, e.g. <u>Horton v. Horton</u>, 487 SE 2d 200, 204 (Va. 1997)(explaining that a party materially breaching a contract is not allowed to enforce the contract).

4. In the alternative, Plaintiff's breach reduces the amount of its recovery.  <u>Id.</u>

5. Plaintiff's failure to evaluate and/or accept offers from potential buyers was a failure to mitigate Plaintiff's damages. See, e.g. CSX Transp., Inc. v. Casale, 441 SE 2d 212, 216(Va. 1994)(outlining a Plaintiff's obligation to act as "a reasonable man would do" to mitigate damages).

6. Plaintiff's failure to mitigate damages prevents recovery of any damages. Hannan v. Dusch, 154 Va. 356, 377 (Va.1930)(explaining a plaintiff is responsible for any damages that could have been avoided through mitigation).

7. In the alternative, Plaintiff's failure to mitigate damages reduces the amount of its recovery. Id.

8. Plaintiff lacks standing to recover under its suit because it is not the holder and owner in due course of the Note and/or Personal Guaranty. See Va. Stat. § 8.3A-203 (2010); Becker v. National Bank and Trust Co., 284 SE 2d 793,795-796 (Va. 1981)(holding that a mere assignee cannot negotiate a note if it is not the holder in due course).

                                                        EMPIRIAN CHESAPEAKE, LLC
                                                        EZRA BEYMAN
                                                        By: /s/ Richard H. Ottinger
                                                             Of Counsel

Richard H. Ottinger
Virginia State Bar #38842
Counsel for Empirian Chesapeake, LLC and Ezra Beyman
VANDEVENTER BLACK LLP
500 World Trade Center
Norfolk, VA 23510
(757) 446-8600
rottinger@vanblk.com

## **CERTIFICATE OF MAILING**

  I hereby certify that on 11/10/2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

Erin Q. Ashcroft
Robert W. McFarland
McGuireWoods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia  23510
eashchroft@mcguirewoods.com


Robert L. Hodges
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia  23219
rhodges@mcguirewoods.com

            /s/ Richard H. Ottinger
            Of Counsel


Richard H. Ottinger
Virginia State Bar #38842
Counsel for Empirian Chesapeake, LLC and Ezra Beyman
VANDEVENTER BLACK LLP
500 World Trade Center
Norfolk, VA 23510
(757) 446-8600
Facsimile (757) 446-8670
rottinger@vanblk.com