UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| COMM 2006-C8 COVESIDE LANE, LLC<br><br>    Plaintiff,<br><br>v.<br><br>EMPIRIAN CHESAPEAKE, LLC<br><br>and<br><br>EZRA BEYMAN,<br><br>    Defendants | Civil Action No.:  2:11cv120 |

### PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Comm 2006-C8 Coveside Lane, LLC., ("Plaintiff"), by counsel, submits the following proposed findings of fact and conclusions of law:

FINDINGS OF FACT

1. Plaintiff Comm 2006-C8 Coveside Lane, LLC is a limited liability company whose sole member is Wells Fargo Bank, National Association, as Trustee for the Registered Holders of COMM 2006-C8 Commercial Mortgage Pass-Through Certificates.

2. LNR Partners, Inc is a mortgage real estate investment trust that offers mortgage loans, mortgage-backed securities, and mortgage-related assets services ("LNR").  LNR served as the special servicer of the Loan and attorney in fact for Plaintiff.

3. Empirian Chesapeake entered into a loan transaction evidenced by a Note dated December 5, 2006.  The Note was made by defendant Empirian Chesapeake, LLC to

the order of Arbor Commercial Mortgage, LLC, a New York limited liability company, and its successors and assigns, in the face amount of $63,000,000.00.

4. On or about December 5, 2006, Empirian Chesapeake entered into an Amended and Restated Deed of Trust (the "Deed of Trust") relating to certain property located at 150 Coveside Lane, Chesapeake, Virginia.

5. The Note is the subject of a certain Guaranty made as of December 5, 2006, by Beyman. Pursuant to the Recourse Provision, as defined by and contained in Section 1(g) of the Guaranty, Beyman unconditionally and irrevocably guaranteed his payment up to $13,500,000.00 of the principal balance of the loan in the event of a default.

6. The Guaranty provides that Beyman's indebtedness under the Guaranty would continue until such time that no event of default is continuing; the occupancy rate of the Property is at least 90 percent, as reasonably determined by Lender; and the Debt Service Coverage Ratio is at least 1.25 to 1.00.

7. The Note was endorsed by the original lender to the order of Deutsche Bank Mortgage Capital, LLC, by Deutsche Bank Mortgage Capital, LLC to the order of LaSalle Bank, N.A., as trustee for the registered holders of Comm 2006-C8 Commercial Mortgage Pass-Through Certificates and by LaSalle Bank, N.A. as Trustee, to the order of Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Comm 2006-C8 Commercial Mortgage Pass-Through Certificates, and by Wells Fargo Bank, N.A., as Trustee to the order of Comm 2006-C8 Coveside Lane, LLC.

8. Plaintiff is the owner and holder of the Note. Plaintiff is also a transferee for the purpose of enforcing the Note, and the beneficiary of the Deed of Trust securing the

Note.  At all relevant times, including prior to the foreclosure sale, Plaintiff was in physical possession of the original Note.

9. In or around the end of 2009, the Property failed to generate sufficient revenues to cover the Loan payments in the amount of approximately $1,000,000.00. Empirian Chesapeake missed two payments at the end of 2009.

10. For the months following the initial failure to make payments in 2009, Empirian Chesapeake was only able to make partial monthly payments for the Loan.

11. The missed and partial payments constitute a default under the Note and Deed of Trust.

12. Empirian Chesapeake's failure to make its monthly payments pursuant to the Note constitutes an event of default under the Recourse Provision of the Guaranty.

13. At no point from December 5, 2006 to the present has the debt service coverage ratio, as defined by the Recourse Provision of the Guaranty, been at least 1.25 to 1.00.

14. Following Empirian Chesapeake's default, Defendants' financial advisors presented certain proposals to Plaintiff and LNR.

15. LNR reviewed the offers and proposals presented by Defendants in good faith, but following LNR's evaluation, the terms of the proposals were deemed unacceptable to LNR and Plaintiff.

16. By letter dated January 25, 2010, Plaintiff notified Empirian Chesapeake that it was in default under the Note.

17. By letter dated January 21, 2011, Plaintiff notified Beyman that a default under the Guaranty had occurred, and demanded payment thereunder.

18. The Property was sold at a foreclosure sale on April 11, 2011. Plaintiff was the highest and last bidder, and purchased the Property for $52,700,000.00.

19. As of the foreclosure sale date of April 11, 2011, the outstanding debt of the Loan as evidenced by the Note was $81,591,357.65.

20. Interest on the Loan to April 11, 2011 amounted to $7,492,555.00.

21. The pre-payment premium on the Loan amounted to $11,098,011.93, and administrative expenses and master services fees amounted to $790.72.

22. Empirian Chesapeake was credited an amount of $188,699.40 in suspense funds credits.

23. Following the foreclosure sale of the Property, a deficiency amount of $28,804,097.65 remained on the principal balance of the Note.

24. As of October 5, 2011, Defendant Empirian Chesapeake was indebted to Plaintiff in the total amount of $28,804,097.65.

25. As of October 5, 2011, Defendant Beyman was indebted to Plaintiff in the total amount of $13,500,000.00.

26. Empirian Chesapeake has failed and refused to make full and complete payment of all sums owed under the Note.

27. Beyman has failed and refused to make full and complete payment of all sums owed under the Guaranty.

CONCLUSIONS OF LAW

1. A plaintiff seeking relief for a breach of a promissory note must prove by a preponderance of the evidence: (1) the existence of a duly executed and enforceable agreement; (2) performance by the plaintiff; (3) the defendant failed to perform under or breached the agreement, (4) the breach caused the plaintiff actual damages, and (5) the damages are recoverable. *Wells Fargo Bank, N.A. v. Smith*, 2011 U.S. Dist. LEXIS 97081, 3-4 (E.D. Va. Aug. 30, 2011) (*citing Aviation Resources, Inc. v. XL Specialty Ins. Co.*, 276 F. Supp. 2d 567, 568 (E.D. Va. 2003)).

2. A guaranty agreement is a contract in which a guarantor agrees to become answerable for a debt in case the person who is primarily liable for the debt fails to pay. *Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 97081, at *4-5 (citing *McDonald v. Nat'l Enterprises, Inc.*, 262 Va. 184, 547 S.E.2d 204, 207 (2001)).

3. To recover for the breach of a guaranty, the obligee must establish "the existence and ownership of the guaranty contract, the terms of the primary obligation and default on that obligation by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty contract." *Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 97081, at *4-5.

4. Defendant Empirian Chesapeake entered into an enforceable agreement, pursuant to which it executed a Note to borrow and repay a $63,000,000.00 Loan.

5. Empirian Chesapeake failed to make its payments under the Note and Deed of Trust, and defaulted on the Note in late 2009. Notice and demand were made of

Empirian Chesapeake for payments owed under the Note, but Empirian Chesapeake failed to cure its default.

6. Plaintiff, as the owner, holder and transferee of the Note, is entitled to enforce the Note against Empirian Chesapeake.

7. To date, Empirian Chesapeake has failed to cure its default, and remains obligated to Plaintiff as the owner, holder, transferee, and entity entitled to enforce the Note, in the amount of $28,804,097.65.

8. Beyman entered into a Personal Guaranty, and unconditionally guaranteed payment of up to $13,500,000.00 of the principal of the Loan evidenced by the Note, in the event of Empirian Chesapeake's default on the Note.

9. Plaintiff, as the owner, holder and transferee of the Note, is entitled to enforce the Guaranty against Beyman.

10. Plaintiff and/or its representatives were under no duty to accept any of the proposals or offers presented to them by Defendants under the alleged letter agreement to negotiate, or any other alleged duty to mitigate.

11. Under Virginia law, parties cannot contract to impose a duty to negotiate towards a contract. *See Beazer Homes Corp. v. VMIF/Anden Southbridge Venture*, 235 F. Supp. 2d 485, 492 (E.D. Va. 2002). The alleged letter agreement to negotiate in good faith is unenforceable, and does not impose any binding contractual obligations upon Plaintiff and/or its representatives. *Id*. at 49.

12. Plaintiff's representative reviewed and evaluated the proposals and offers presented by Defendants in good faith, and properly found them to be unacceptable.

13. Empirian Chesapeake is liable to Plaintiff for the outstanding indebtedness owed on the Note, and that default triggers Plaintiff's cause of action against Beyman, the guarantor of the Note, who signed a valid contract.

14. To date, Beyman has failed to cure his default, and remains obligated to Plaintiff as the owner, holder, transferee, and entity entitled to enforce the Note and Guaranty, in the amount of $13,500,000.00.

15. Plaintiff is entitled to judgment against Empirian Chesapeake in the amount of $28,804,097.65.

16. Plaintiff is entitled to judgment against Beyman in the amount of $13,500,000.00

17. The debt owed to Plaintiff will continue to accrue interest at the rate of 10.815% per annum, as defined by Sec. 5 of the Note, until paid.


Respectfully submitted,

COMM 2006-C8 COVESIDE LANE, LLC,

By Counsel


　　/s/
Robert W. McFarland (VSB No. 24021)
Erin Q. Ashcroft (VSB No. 74639)
McGuireWoods LLP
9000 World Trade Center
Norfolk, VA 23510
Telephone: (757)640-3700
Facsimile: (757) 640-3966
eashcroft@mcguirewoods.com

8

Robert L. Hodges (VSB No. 31396)
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 775-7513
Facsimile:  (804) 698-2082
rhodges@mcguirewoods.com

*Counsel for Comm 2006-C8 Coveside Lane, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of November 2011, a true copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Richard H. Ottinger
Dustin Paul
Vandeventer Black LLP
500 World Trade Center
Norfolk, Virginia 23510
rottinger@vanblk.com

    /s/_____
Erin Q. Ashcroft (VSB No. 74639)
Robert W. McFarland (VSB No. 24021)
McGuireWoods LLP
9000 World Trade Center
Norfolk, VA 23510
Telephone: (757)640-3700
Facsimile: (757) 640-3966
eashcroft@mcguirewoods.com

Robert L. Hodges (VSB No. 31396)
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 775-7513
Facsimile: (804) 698-2082
rhodges@mcguirewoods.com

*Counsel for Comm 2006-C8 Coveside Lane, LLC*

\34800677.1